BROWN v JOJO-AB, INC

Docket No. 117405. Submitted January 14, 1991, at Detroit. Decided
    July 10, 1991; approved for publication September 13, 1991, at
    9:00 A.M.

    Arvid Brown brought an action in the Wayne Circuit Court
    against JoJo-Ab, Inc., and Kenneth L. Ross, seeking damages
    for injuries sustained during an altercation with Ross at a bar
    owned by JoJo-Ab. The court, Thomas J. Foley, J., granted
    summary disposition for the dramshop defendant with regard
    to the plaintiff's negligence and dramshop claims. The plaintiff
    appealed.

    The Court of Appeals *held:*

    1. The plaintiff did not produce a transcript of the hearing at
    which summary disposition of the negligence claim was
    granted, precluding review of that ruling.

    2. The court properly allowed the dramshop defendant to
    amend its answer to include the affirmative defense that the
    plaintiff did not give it the statutorily required written notice
    within 120 days after entering into an attorney-client relation-
    ship for the purpose of pursuing a claim under the dramshop
    act. The court properly granted summary disposition on the
    basis of the plaintiff's failure to comply with the notice require-
    ment. The dramshop defendant does not have to show prejudice
    before being able to prevail on the notice defense.

    Affirmed.

    MURPHY, P.J., concurring in part and dissenting in part,
    stated that a dramshop defendant must show that actual
    prejudice resulted from the lack of notice in order to use the
    lack of notice as a basis for dismissal.

INTOXICATING LIQUORS — DRAMSHOP ACT — NOTICE — PREJUDICE.

    A plaintiff seeking damages under the dramshop act must give
    written notice to all defendants within 120 days after entering
    into an attorney-client relationship for the purpose of pursuing

REFERENCES

Am Jur 2d, Intoxicating Liquors § 581.
See the Index to Annotations under Dramshop Acts; Notice of
    Claim.

a claim under the act; the failure to give such notice may serve as a basis for dismissal of an action without a showing of prejudice resulting from the lack of notice (MCL 436.22[5]; MSA 18.993[5]).

*Shrauger, Dunn & Aronson, P.C.* (by *Jonathan Aronson*), for the plaintiff.

*Stephen M. Landau, P.C.* (by *Stephen M. Landau* and *John M. Sier*), for JoJo-Ab, Inc.

Before: MURPHY, P.J., and SULLIVAN and SAWYER, JJ.

PER CURIAM. Plaintiff received stab wounds during an altercation with defendant Ross at the defendant bar. Plaintiff was granted a default judgment against defendant Ross. The trial court also granted summary disposition to the defendant bar with regard to plaintiff's negligence and dram-shop claims. Plaintiff now appeals and we affirm.

The altercation between plaintiff and defendant Ross initially began when plaintiff went to the men's room and Ross and another individual were blocking the doorway. An argument apparently ensued when defendant Ross and his companion refused to move to allow plaintiff access into the men's room. Sometime thereafter, when plaintiff was leaving the establishment, he stopped and talked to the bar's security guard. While plaintiff was speaking with the security guard, Ross approached and asked plaintiff, "What makes you think you can talk to people that way?" Plaintiff states that he did not reply, but turned, started walking away, and then heard someone say, "He's got a knife." Plaintiff turned and saw Ross behind him with a knife in hand, starting toward him. Plaintiff attempted to punch Ross, who then stabbed plaintiff. The security guard was approxi-

mately fifteen feet away, but did not attempt to intervene or get help. Ross apparently got into a car, drove toward a group of people with whom plaintiff was standing, and hit a nearby sign, but not the plaintiff. Thereafter, Ross led Inkster police on a high-speed chase, which ended when Ross drove off the road.

Plaintiff first argues that the trial court erred in granting summary disposition in favor of the defendant bar with regard to plaintiff's claim of negligence. However, plaintiff has failed to secure for our review a copy of the transcript of the hearing at which the trial court granted summary disposition with regard to this issue.[1] The appellant is obligated to produce a transcript of the full record of all proceedings held in the trial court, and we will not conclude that the trial court erred in making a ruling where the appellant has failed to secure a transcript of the hearing at which that ruling is made. *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 413; 425 NW2d 797 (1988).

Plaintiff also argues on appeal that the trial court erred in granting summary disposition in favor of the defendant bar with regard to plaintiff's dramshop claim on the basis of plaintiff's failure to comply with MCL 436.22(5); MSA 18.993(5), which requires that a dramshop plaintiff give written notice to all defendants within 120 days after entering into an attorney-client relationship for the purpose of pursuing a claim under the dramshop act. We first consider plaintiff's argument that defendant waived this defense by failing to raise it as an affirmative defense in its first responsive pleading.

MCR 2.111(F)(3) does require that a party plead

---

[1] The only transcript in the file is that of the March 17, 1989, hearing regarding the motion for summary disposition of the dramshop claim.

an affirmative defense in a responsive pleading. However, MCR 2.118(A) allows amendment of pleadings and MCR 2.118(D) provides that those amendments that are allowed by the trial court relate back to the date of the original pleading. Here, defendant proffered a reasonable excuse for not having initially pleaded the affirmative defense regarding the failure to comply with the notice requirement in that it did not initially know the date on which plaintiff had entered into an attorney-client relationship. After having learned that date, defendant promptly brought its motion for summary disposition. Accordingly, we cannot conclude that the trial court erred in granting defendant's motion to amend the answer to include the notice defense.

Plaintiff also argues that the trial court erred in granting summary disposition on the basis of his failure to comply with the notice requirement. Specifically, plaintiff claims that he did comply with the statute because notice within 120 days is not required if there was insufficient information for determining that the retail licensee might be liable under the dramshop act and such information could not reasonably have been known within 120 days. Plaintiff argues that he could not know that there was a basis for dramshop liability until he had received a copy of the police report, which apparently took some time to obtain after his initial request. Plaintiff's argument in this regard is without merit, however, because the letter of notice sent by plaintiff, some five days after the running of the notice period, was sent before he obtained a copy of the police report. Thus, it apparently was not necessary for plaintiff to have obtained a copy of the police report before giving notice to defendant.

Plaintiff also argues that we should interpret

the statute to require that defendant must show prejudice before being able to prevail on the notice defense. We disagree. When the language of a statute is clear and unambiguous, judicial construction is neither required nor permitted. *Osner v Boughner,* 180 Mich App 248, 268; 446 NW2d 873 (1989). Furthermore, the courts may not speculate with regard to the probable intent of the Legislature beyond the words employed in a statute. *Id.* Here, the Legislature drafted a statute that requires that notice be given to all defendants within 120 days of the plaintiff's entering into an attorney-client relationship. The statute further sets forth those circumstances under which the notice requirement does not apply. The Legislature did not impose a requirement that there be a showing of prejudice. Accordingly, this Court has no discretion but to enforce the statute as written and, because plaintiff did not comply with the 120-day notice requirement and has not demonstrated that the terms of the statute do not exempt this case from application of the notice requirement, the trial court correctly granted summary disposition in favor of defendant.

Affirmed. Defendants may tax costs.

Murphy, P.J. *(concurring in part and dissenting in part).* I concur in the majority's resolution of the first two issues raised by plaintiff in this appeal. However, I respectfully dissent from the conclusion reached by the majority regarding the effect of the notice provision set forth in MCL 436.22(5); MSA 18.993(5).

Our Supreme Court has held that such statutory notice provisions are not unconstitutional per se. *Carver v McKernan,* 390 Mich 96, 99-100; 211 NW2d 24 (1973). Nevertheless, the Court has also clearly expressed its disapproval of this type of requirement:

At the outset, we acknowledge frankly that statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us. We acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access, but we look askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes. *Id.*, 99.

The Court held that statutory notice provisions are enforceable as long as they are reasonable in length. *Id.*, 100. However, the Court also held that failure to give statutorily required notice is not a basis for dismissal of an action unless the party entitled to the notice shows that actual prejudice resulted from lack of notice. *Id.* See also *Hobbs v State Hwy Dep't,* 398 Mich 90, 96; 247 NW2d 754 (1976), *May v Dep't of Natural Resources,* 140 Mich App 730; 365 NW2d 192 (1985), *Hanger v State Hwy Dep't,* 64 Mich App 572; 236 NW2d 148 (1975), and *Hussey v Muskegon Heights,* 36 Mich App 264; 193 NW2d 421 (1971).

Presumably, the primary purpose of such notice requirements is to prevent stale claims and to give the defendant an opportunity to investigate the claim "while the evidentiary trail is still fresh." *Hussey, supra,* 267-268. However, toward this same end, the dramshop act already provides for a shorter limitation period of two years, as opposed to the general three-year period during which an action may be commenced for injury to a person or property. MCL 436.22(5); MSA 18.993(5); MCL 600.5805; MSA 27A.5805. See *Henderson v Biron,* 138 Mich App 503, 506; 360 NW2d 230 (1984). In my opinion, strict construction and enforcement of the notice provision of MCL 436.22(5); MSA 18.993(5) gives an unfair advantage to a defendant bar by further reducing the period during which

the plaintiff must take action in order to pursue a dramshop claim. I would hold that in order to use a plaintiff's failure to give the statutorily required notice as a basis for dismissal of a complaint seeking redress for wrongs, a dramshop defendant must show that actual prejudice resulted from the lack of notice.