LAUTZENHEISER v JOLLY BAR & GRILLE, INC

Docket No. 158533. Submitted April 12, 1994, at Grand Rapids.
Decided May 20, 1994; approved for publication June 23, 1994,
at 9:05 A.M.

Robert L. and Nancy Lautzenheiser brought an action in the
Allegan Circuit Court against Jolly Bar & Grille, Inc., Brian D.
Vandermeer, and others, seeking damages for injuries sus-
tained in an automobile accident that allegedly occurred after
Vandermeer was served alcohol at the Jolly Bar & Grille. The
accident occurred on October 13, 1990, and the plaintiffs re-
tained counsel to investigate all possible theories of recovery on
November 5, 1990. The court, George R. Corsiglia, J., granted
summary disposition for Jolly Bar after determining that the
March 5, 1991, service on Jolly Bar of notice of a claim under
the dramshop act did not satisfy the 120-day notice require-
ment of the dramshop act, MCL 436.22(5); MSA 18.993(5). The
plaintiffs appealed by leave granted.

The Court of Appeals *held:*

The trial court properly determined that Jolly Bar was not
notified within the 120-day notice period.

1. The 120-day notice period expired on March 5, 1991. The
plaintiffs reasonably could have been expected to know of their
claim under the dramshop act before that date because within
the first ten days of the 120-day period they knew that, as a
result of the accident, Vandermeer had been charged with
driving while intoxicated and that he had been drinking at the
Jolly Bar before the accident.

2. Whether Jolly Bar was prejudiced by the delay is not
relevant.

3. Whether the plaintiffs' counsel originally was retained
with the specific task of pursuing a claim under the dramshop
act is not relevant because he was retained to investigate all
possible theories of recovery. Whether the facts available to the
plaintiffs during the 120 days were enough to ensure a fully
verifiable claim under the dramshop act is not relevant because

REFERENCES

Am Jur 2d, Intoxicating Liquors § 581.
See ALR Index under Dramshop Acts.

MCL 436.22(5); MSA 18.993(5) only requires notice where the dramshop owner might be liable under the act.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACT — NOTICE — PREJUDICE.

A plaintiff seeking damages under the dramshop act must give written notice to all defendants within 120 days after entering into an attorney-client relationship for the purpose of pursuing a claim under the act; the failure to give such notice may serve as a basis for dismissal of an action without a showing of prejudice resulting from the lack of notice; the failure to give such notice is grounds for dismissal of a claim against any defendants that did not receive notice unless sufficient information for determining that a retail licensee might be liable under the act was not known and reasonably could not have been known within the 120 days (MCL 436.22[5]; MSA 18.993[5]).

*William G. Reamon, P.C.* (by *William G. Reamon, Sr.*), for the plaintiffs.

*Frank S. Spies,* for Jolly Bar and Grille, Inc.

Before: MICHAEL J. KELLY, P.J., and HOOD and S. B. MILLER,* JJ.

PER CURIAM. Plaintiffs appeal by leave granted an order of the circuit court dismissing their suit against defendant Jolly Bar & Grille, Inc. (hereinafter defendant) for failure to fulfill the 120-day notice requirement in the dramshop act. We affirm.

MCL 436.22(5); MSA 18.993(5) provides in relevant part:

An action under this section shall be instituted within 2 years after the injury or death. A plaintiff seeking damages under this section shall give written notice to all defendants within 120 days after entering an attorney-client relationship for the purpose of pursuing a claim under this section. Failure to give written notice within the time

* Circuit judge, sitting on the Court of Appeals by assignment.

specified shall be grounds for dismissal of a claim
as to any defendants that did not receive such
notice unless sufficient information for determin-
ing that a retail licensee might be liable under
this section was not known and could not reason-
ably have been known within the 120 days.

Plaintiffs' automobile accident occurred on Octo-
ber 13, 1990. Plaintiffs signed a contingent fee
retainer agreement with their attorney on Novem-
ber 5, 1990. On November 14, 1990, an investiga-
tor for plaintiffs' counsel interviewed a passenger
in the other (Vandermeer) car and learned that
the occupants of the other car, including the
driver, had been drinking at defendant's establish-
ment just before the accident. Although later in-
terviews revealed some inconsistences in the pas-
senger's story, the November 14 interview estab-
lished that the driver drank three or four rum and
colas at defendant's bar that evening after already
having shared a case of beer with four friends late
that afternoon. Plaintiffs' counsel also had access
to a UD-10 accident report form that showed that
the driver was charged with operating a vehicle
while under the influence of intoxicating liquor,
MCL 257.625; MSA 9.2325. Plaintiffs did not send
notice of their claim under the dramshop act to
defendant until August 27, 1991.

The 120-day notice period expired on March 5,
1991. The issue is whether plaintiffs could reason-
ably have been expected to know of their claim
under the dramshop act before that date. We hold
they could. Within the first ten days of the 120-day
period, plaintiffs knew that the driver of the other
car had been charged with driving while intoxi-
cated and that he had been drinking at the Jolly
Bar & Grille just before the accident. This is
sufficient to satisfy the requirements of MCL
436.22(5); MSA 18.993(5).

Whether defendant was prejudiced by the delay in notice is irrelevant under the language of the notice provision. *Brown v JoJo-Ab, Inc,* 191 Mich App 208, 212; 477 NW2d 121 (1991). Whether plaintiffs' counsel was originally retained with the specific task of pursuing a dramshop act claim is also irrelevant because it was clear in the retainer agreement that he was hired to investigate all possible theories of recovery. Whether the facts available to plaintiffs during the 120 days were enough to ensure a solid, fully verifiable dramshop act claim is irrelevant because the notice provision only requires notice where a dramshop owner *might* be liable under the act.

Affirmed.