CHAMBERS v MIDLAND COUNTRY CLUB

Docket No. 168155. Submitted November 8, 1995, at Grand Rapids. Decided February 27, 1996, at 9:05 A.M. Leave to appeal sought.

Opal E. Chambers brought an action in the Midland Circuit Court against The Midland Country Club and Scott D. Dexter, seeking damages for injuries suffered when she was involved in an automobile accident that allegedly was caused by Dexter and claiming that the country club was liable under the dramshop act on the basis of the club's alleged furnishing of intoxicants to Dexter while he was intoxicated. The court, Paul J. Clulo, J., granted summary disposition for the country club on the basis that the plaintiff had failed to give timely notice of the dramshop claim as required by MCL 436.22(4); MSA 18.993(5). The plaintiff appealed.

The Court of Appeals *held:*

1. MCL 436.22(5); MSA 18.993(5) provides that the failure to give notice of the intent to bring a dramshop action within 120 days of entering into an attorney-client relationship for the purpose of bringing a dramshop action is grounds for dismissal of the dramshop claim unless the information necessary for determining that a retail licensee might be liable was not known or could not reasonably have been known within the 120-day period. A police accident report concerning the accident in which the plaintiff was injured, which apparently was available to the plaintiff soon after the accident, indicated that Dexter had just come from a wedding at the country club, where he had consumed intoxicants. However, the plaintiff did not notify the country club of her intent to pursue a dramshop claim until about sixteen months after the accident and more than nine months after she retained an attorney. The police report constituted sufficient information for determining that a retail licensee might be liable under the dramshop act.

2. The date on which an attorney-client relationship is entered into is not subject to the attorney-client privilege. An

REFERENCES

Am Jur 2d, Attorneys § 118; Intoxicating Liquors § 561.
See ALR Index under Attorney-Client Privilege; Intoxicating Liquors.

attorney-client relationship formed following an accident involving an allegedly intoxicated driver will be presumed to be for the purpose of pursuing a dramshop claim. Accordingly, because there is no dispute that the country club did not receive the statutory notice of the dramshop claim within 120 days of entering into the attorney-client relationship, dismissal of the dramshop claim was proper.

3. The 120-day notice provision of the dramshop act was found to be constitutionally proper in *Brown v JoJo-Ab, Inc,* 191 Mich App 208 (1992), and the holding in that case is binding precedent.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NOTICE.

A police report that indicates that a driver had consumed intoxicants that might have been provided by a retail licensee shortly before being involved in an accident constitutes sufficient information for determining that a retail licensee might be liable in a dramshop action for the purpose of determining compliance with the 120-day notice requirement of the dramshop act (MCL 436.22[5]; MSA 18.993[5]).

2. ATTORNEY AND CLIENT — ATTORNEY-CLIENT PRIVILEGE.

The date an attorney-client relationship is entered into is not subject to the attorney-client privilege.

3. ATTORNEY AND CLIENT — INTOXICATING LIQUORS — DRAMSHOP ACT.

An attorney-client relationship formed following an accident involving an allegedly intoxicated driver is presumed to be for the purpose of pursuing a dramshop action.

*Skinner, Wildeboer & Ogden* (by *John L. Wildeboer*), for the plaintiff.

*Barsky & Associates, P.C.* (by *Seth H. Barsky* and *Andrew S. Fowler*), for the defendant.

Before: O'CONNELL, P.J., and BANDSTRA and J. M. BATZER,* JJ.

BANDSTRA, J. This matter arises out of an automobile accident. Scott Dexter, who was allegedly intoxicated and had recently left a wedding held

---

* Circuit judge, sitting on the Court of Appeals by assignment.

at The Midland Country Club (Midland), started a chain reaction car accident in which plaintiff's car was hit and plaintiff was injured. Plaintiff brought a dramshop action against Midland, but Midland was granted summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiff had failed to provide Midland timely notice as required by the dramshop act. Plaintiff appeals as of right, and we affirm.

The accident occurred on December 1, 1990. The accident report prepared by the investigating police officer indicated that Dexter appeared to have been drinking and admitted doing so. The accident report also indicated that Dexter stated that he had just come "from a wedding at the Country club and that he only drank two or three beers[;] he had not drank [sic] since leaving the Wedding." Although this report was apparently available to plaintiff soon after the accident, plaintiff did not notify Midland of her intent to pursue a dramshop claim until April 30, 1992, about sixteen months after the accident and more than nine months after she retained an attorney on July 15, 1991. The police report does not specify which country club was referenced, but plaintiff apparently understood that the police report referred to Midland and does not argue this as a reason for her late notice to Midland.

The dramshop act, MCL 436.22(5); MSA 18.993(5), states in pertinent part:

An action under this section shall be instituted within 2 years after the injury or death. A plaintiff seeking damages under this section shall give written notice to all defendants within 120 days after entering an attorney-client relationship for the purpose of pursuing a claim under this section. Failure to give written notice within the time specified shall be grounds for dismissal of a claim

as to any defendants that did not receive such notice unless sufficient information for determining that a retail licensee might be liable under this section was not known and could not reasonably have been known within the 120 days.

Plaintiff first argues that her notice to Midland was timely under this statute. She contends that evidence sufficient to require notice to Midland was not available until she took Dexter's deposition in March of 1992, just before notice was provided to Midland. We disagree. The police report, which was available to plaintiff shortly after the accident, was sufficient to indicate that Midland "might be liable" under the clear language of the statute. The relevant inquiry under the statute is plaintiff's knowledge within 120 days of retaining counsel. Although plaintiff points to evidence that indicated that Midland might not have served alcohol to Dexter (i.e., Dexter's answers to interrogatories and a Midland employee's deposition), that evidence was not discovered within that 120-day period. Even if all of this evidence had been discovered by plaintiff earlier, during the 120-day period, it would have only raised a factual issue and thus Midland might still have been liable. In other words, even if plaintiff had been aware of evidence contrary to the police report during the 120-day period, she would have been required to give Midland notice under the statute.

Further, the statute does not require that a plaintiff possess admissible evidence of a defendant's liability.

Whether the facts available to plaintiffs during the 120 days were enough to ensure a solid, fully verifiable dramshop act claim is irrelevant because the notice provision only requires notice where a dramshop owner *might* be liable under the act.

[*Lautzenheiser v Jolly Bar & Grille, Inc,* 206 Mich App 67, 70; 520 NW2d 348 (1994) (emphasis in original).]

Plaintiff's argument that the statute requires admissible evidence is, in other words, directly contradicted by the clear language of the statute.

Plaintiff also argues that Midland did not meet its burden of showing that the attorney-client relationship she entered into on July 15, 1991, was for the purpose of pursuing a dramshop action. Plaintiff resisted discovery regarding her relationship with her attorney under the doctrine of attorney-client privilege, and Midland was only allowed to learn, under court order, the date that plaintiff retained counsel. On appeal, plaintiff acknowledges that, as she reads the statute, "a Defendant's burden . . . to prove the purpose of the attorney-client [relationship] is impossible to meet without court-enforced violation of the attorney-client privilege."

We do not think the statute requires this kind of abrogation of the attorney-client privilege. Plaintiff cites no precedent (and we are aware of none) indicating that information regarding the date upon which an attorney-client relationship is entered is protected by the privilege. A defendant may thus establish when a plaintiff has entered into an attorney-client relationship following an accident involving an allegedly intoxicated driver. Upon that proof, we will presume that the attorney-client relationship was "for the purpose of pursuing a claim under this section" without requiring that a defendant must abrogate plaintiff's attorney-client privilege in order to prove that this is the case. See *Lautzenheiser, supra* at 70. There is no dispute here that notice was provided to Midland later than 120 days after plaintiff re-

tained counsel regarding the accident, and plaintiff's argument is without merit.

Finally, plaintiff argues that the 120-day notice provision is in violation of constitutional equal protection and due process guarantees, unless we require that Midland show some prejudice resulting from late notice. In *Brown v JoJo-Ab, Inc,* 191 Mich App 208, 211-212; 477 NW2d 121 (1991), the majority held that the dramshop act does not require a defendant to show prejudice in order for a claim to be dismissed for lack of timely notice. The majority decided this question in the face of a dissent that relied upon the same constitutional arguments and precedents that plaintiff cites in the instant case. We consider the *Brown* majority opinion to have considered and rejected plaintiff's argument regarding the need for a showing of prejudice under due process analysis. Under Administrative Order No. 1994-4, we are bound by the *Brown* majority holding that prejudice is not required.

Further, we conclude that *Brown* was correctly decided. Plaintiff places primary reliance for her argument upon *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), but this precedent is factually distinguishable. Most notably, the notice provision before us begins to run only when a plaintiff retains an attorney, and there is an exception to the notice requirement when a plaintiff does not and could not reasonably have had sufficient information to know that a defendant might be liable. We do not think that *Carver* requires that we read a prejudice requirement into the statute at issue here.

We affirm.