TURNLEY v ROCKY'S TEAKWOOD LOUNGE, INC

Docket No. 167237. Submitted October 11, 1995, at Lansing. Decided February 2, 1996, at 9:35 A.M.

DeSinthia Turnley and Nathanial W. Rogers brought a dramshop action in the Ingham Circuit Court against Rocky's Teakwood Lounge, Inc., and Kevin E. Whipple, alleging that Whipple, after being served alcohol by Rocky's while visibly intoxicated, was the cause of an automobile collision involving his vehicle and one occupied by the plaintiffs, resulting in injury to the plaintiffs. The court, Carolyn Stell, J., granted summary disposition for Rocky's, ruling that the plaintiffs' written notice to Rocky's of their intent to pursue a dramshop action did not comply with MCL 436.22(5); MSA 18.993(5). The plaintiffs appealed.

The Court of Appeals *held:*

MCL 436.22(5); MSA 18.993(5) provides that a plaintiff seeking damages under that section of the dramshop act must give written notice to all defendants within 120 days after entering an attorney-client relationship for the purpose of pursuing a claim under the section and that the failure to give such notice is grounds for dismissal of the claim with respect to defendants who do not receive such notice, unless sufficient information for determining that a retail liquor licensee might be liable under the section was not known and could not reasonably have been known within the 120 days.

In this case, the plaintiffs could not have known of Rocky's potential liability under the dramshop act within 120 days of retaining their attorney because, during that period, there was no evidence indicating alcohol consumption by Whipple and Whipple, facing criminal charges related to the accident, asserted the privilege against self-incrimination when served interrogatories concerning alcohol consumption. The plaintiffs and their counsel learned of Rocky's potential liability after the 120-day period and the conclusion of criminal proceedings against Whipple when Whipple's criminal counsel told them that Whipple had been drinking at Rocky's bar before the accident.

Reversed and remanded for further proceedings.

*Nolan, Reincke, Thomsen & Villas, P.C.* (by *Lawrence P. Nolan*), for DeSinthia Turnley and Nathanial W. Rogers.

*Tupper & Draper* (by *Thomas M. Tupper*), for Rocky's Teakwood Lounge, Inc.

Before: McDONALD, P.J., and MARKEY and R. I. COOPER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order dismissing their dramshop action against defendant Rocky's Teakwood Lounge, Inc., doing business as Sidney's. Plaintiffs sued defendant under the dramshop act, MCL 436.22 *et seq.*; MSA 18.993 *et seq.*, for injuries they sustained when an automobile driven by defendant Kevin E. Whipple, a drunken driver, struck their automobile after Whipple had been drinking at defendant's bar for approximately five hours.[1] The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) because plaintiffs failed to provide notice to defendant of their intent to file a dramshop action within 120 days of retaining counsel as required by MCL 436.22(5); MSA 18.993(5). We reverse.

On July 6-7, 1991, Kevin Whipple drank beer at Sidney's from 8:30 P.M. until approximately 1:30 A.M. He left the bar and was seen traveling down Waverly Road at over sixty-five miles per hour, despite the thirty-five miles per hour posted speed limit. Plaintiff DeSinthia Turnley was driving in the opposite direction on Waverly Road when Kevin Whipple's car crossed the center line and struck Turnley's vehicle head-on, resulting in seri-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Neither Kevin Whipple nor his mother, Frances Whipple, who owned the car involved in the accident, are involved in this appeal.

ous injuries to Turnley and her passenger, Nathanial Rogers.

On July 14, 1991, plaintiffs retained counsel to pursue this case. On July 22, 1991, counsel filed suit against the Whipples, but plaintiffs were unable to serve Kevin Whipple immediately, because Whipple could not be found at his parents' residence and his parents were not forthcoming in helping plaintiffs' counsel find their son. On January 9, 1992, after counsel discovered that Whipple was charged with felonious driving in Eaton County, counsel successfully served Whipple with a summons, complaint, and interrogatories during a scheduled district court criminal hearing. By this time, nearly six months had elapsed since the retention of counsel and commencement of litigation.

Whipple's civil counsel answered the complaint within six days. A number of the interrogatories asked whether Whipple had been drinking intoxicants before the accident and, if so, what he had consumed and where he had consumed it. Whipple refused to answer these questions, however, and instead asserted his Fifth Amendment privilege against self-incrimination on the advice of his criminal counsel.

Eventually, Whipple reached a plea agreement with the prosecutor and pleaded no contest to two counts of felonious driving. On February 18, 1992, approximately two weeks before the plea agreement was entered, Whipple's civil counsel spoke with plaintiffs' counsel and revealed for the first time that Whipple had been served intoxicants at defendant's bar. The next day, plaintiffs sent notice to defendant's registered agent advising the agent of the impending dramshop action. After this certified letter was returned as undeliverable because the agent was residing out of the state,

plaintiffs sent a second notice on February 26, 1992, to defendant's address. The notice read as follows:

> Please be advised that, pursuant to the Michigan Dramshop Act, MCL 436.22(5); MSA 18.993(1) [sic], notice is hereby given that Mr. Nathaniel Rogers and Ms. DeSinthia Turnley have entered into an attorney-client relationship with the law firm of Nolan, Reincke, Thomsen & Villas, P.C. for the purpose of pursuing a claim under the Dramshop Act against your company Sidney's.

Defendant moved for summary disposition on three bases: first, there was no indication that Kevin Whipple was visibly intoxicated when he was served beer at Sidney's; second, defendant was not provided timely notice of plaintiffs' intended dramshop action within the 120-day period required by statute; and third, the notice that plaintiffs sent to defendant was inadequate because it did not state the name of the alleged intoxicated party or the date he was served alcohol.

The trial court denied defendant's motion with respect to the first issue because a genuine issue of material fact existed regarding whether Whipple was visibly intoxicated when defendant served him beer. The court agreed with defendant, however, that plaintiffs failed to comply with the 120-day notice requirement found in MCL 436.22(5); MSA 18.993(5). The court opined that plaintiffs did not know that a retail alcohol licensee might be liable under the dramshop act, "[h]owever, Plaintiff[s] [have] failed to demonstrate that it could not reasonably have been known within the 120 days, because the interrogatories seeking such information were not sent out until January 6th, 1992, well beyond the running of the 120 days on November 18th, 1991." The court also found it unnec-

essary to address whether plaintiffs' letter of notice was adequate, but it stated that the letter "strikes me as extraordinarily insufficient notice" because of the lack of information identifying the intoxicated person and the date he was served alcohol.

On appeal, plaintiffs raise the issue whether sufficient information was known by them or could reasonably have been known within 120 days from the date of the accident that a dramshop action was available to them. After reviewing de novo the record below, we believe that defendant was not entitled to judgment as a matter of law because plaintiffs had no means of determining whether a dramshop action existed absent Kevin Whipple's statement, which he presented only after waiving his previously asserted Fifth Amendment right, that he drank at defendant's on the night of the accident. See *Manning v Hazel Park,* 202 Mich App 685, 689; 509 NW2d 874 (1993).

As a remedial statute, the dramshop act should be strictly construed. *Millross v Plum Hollow Golf Club,* 429 Mich 178, 184; 413 NW2d 17 (1987). When interpreting the dramshop act, courts should give a common effect to the entire act that is consistent with the Legislature's intent. *LaGuire v Kain,* 440 Mich 367, 374; 487 NW2d 389 (1992). Subsection five of the dramshop act, MCL 436.22(5); MSA 18.993(5), provides in relevant part:

A plaintiff seeking damages under this section shall give written notice to all defendants within 120 days after entering an attorney-client relationship for the purpose of pursuing a claim under this section. Failure to give written notice within the time specified shall be grounds for dismissal of a claim as to any defendants that did not receive such notice *unless sufficient information for determining that a retail licensee might be liable under*

*this section was not known and could not reasonably have been known within the 120 days.* [Emphasis added.]

Whether such information was known or reasonably should have been known is a question of fact that we review for clear error. MCR 2.613(C); See *Lautzenheiser v Jolly Bar & Grille, Inc,* 206 Mich App 67, 69; 520 NW2d 348 (1994); *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 548; 481 NW2d 762 (1992). Under the facts of this case, we believe that plaintiffs or their counsel did not know and could not reasonably have known of defendant's potential dramshop liability within the 120-day period. Plaintiffs established that they could not have learned this information directly from Whipple, or indirectly through his attorneys, until after the plea agreement was reached. Nothing in the original police report indicated that Whipple consumed intoxicants purchased from a retail alcohol licensee or that Whipple had a passenger in his car who might have known Whipple's location before the accident. Rather, the report stated only that Whipple was probably intoxicated. Also, none of the witnesses identified in the police report were in the company of Kevin Whipple at any time immediately before the accident. We do not believe that the information regarding defendant's potential dramshop liability was available and could have been ferreted out sooner by plaintiffs had their counsel more diligently pursued this issue.

Also, even assuming that plaintiffs' counsel was less than diligent in effectuating service of process on Kevin Whipple, any delay was irrelevant because Whipple, after being served, asserted his Fifth Amendment privilege against self-incrimination and refused to answer interrogatories that

would have led plaintiffs to information identifying a retail licensee subject to dramshop liability. We cannot assume that Whipple would not have asserted this privilege had he been served more promptly. Thus, because Whipple was uncooperative and could not be compelled to answer plaintiffs' interrogatories or otherwise disclose where he had been drinking on the night of the accident, plaintiffs could not reasonably have known of defendant's identity in order to provide notice within the 120-day period. Because we are left with a firm and definite conviction that the lower court erred, we find that the trial court's factual finding regarding the issue of notice is clearly erroneous. *Poirier, supra.* Therefore, defendant was not entitled to judgment as a matter of law pursuant to MCR 2.116(C)(10). Cf. *Lautzenheiser, supra* at 69 (identity of dramshop act defendant discovered within ten days of the accident but notice untimely filed); *Brown v JoJo-Ab, Inc,* 191 Mich App 208, 211; 477 NW2d 121 (1991) (late notice to dramshop act defendant not caused by delay in receiving police report containing identity of bar).

Although the parties discuss whether the letter of notice sent to defendant was adequate under the dramshop act, neither party raised this issue on appeal. The lower court did not grant summary disposition on this basis but did remark that the notice appeared to be "extraordinarily insufficient." For the benefit of the parties and the trial court, we will comment briefly on this issue. Because the statute requires only "written notice" to a dramshop owner and nothing more, we find that plaintiffs' February 26, 1992, letter to defendant satisfied the dramshop act's notice prerequisite. Absent any specific statutory requirements, plaintiffs' letter fulfilled the dual purposes of giving

notice under the act, i.e., preventing a stale claim and giving defendant an opportunity to investigate the claim while the evidence is still fresh. See *Brown, supra* at 213 (MURPHY, J., dissenting). Indeed, it is not unreasonable to assume that defendant would be on notice regarding the dramshop action as a result of plaintiffs' correspondence because defendant's owners or managers could have called plaintiffs' counsel's office immediately upon receipt of the letter and learned the complete facts underlying the dramshop action mentioned in the letter. *Brown, supra* at 212.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.