689 N.W.2d 228 (2004)
LANGRILL
v.
STINGERS LOUNGE
No. 126327.
Supreme Court of Michigan.
November 29, 2004.
SC: 126327, COA: 244745.
On order of the Court, the application for leave to appeal the May 4, 2004 judgment of the Court of Appeals is considered, and pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND this matter to the Macomb Circuit Court for further proceedings. Because plaintiff did not present any evidence to the contrary, there is a presumption that the attorney-client relationship she entered into with her first attorney, who filed the original complaint in this matter, included the purpose of pursuing a claim under MCL 436.1801. Chambers v. Midland Country Club, 215 Mich.App. 573, 546 N.W.2d 706 (1996). On remand, the circuit court shall find whether sufficient information for determining that defendant might be liable under MCL 436.1801 was not known and could not reasonably have been known within 120 days of the beginning of that first attorney-client relationship. The circuit court shall grant defendant's motion for summary disposition under the 120-day notice rule if, and only if, the court finds that this information was known or could reasonably have been known during that 120-day period.
We do not retain jurisdiction.
CAVANAGH and KELLY, JJ., concur in remanding this case to the Macomb Circuit Court.