CARVER v McKERNAN

OPINION OF THE COURT

1. STATUTES—LIMITATION OF ACTIONS—NOTICE.

Statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by the Michigan Supreme Court; it acquiesces in the enforcement of statutes of limitation when it is not persuaded that they unduly restrict such access, but looks askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes.

2. STATUTES—CONSTITUTIONAL LAW—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE.

By positing a legitimate purpose for the six-month notice provision of a section of the Motor Vehicle Accident Claims Act, that section does not necessarily violate the Michigan Constitution (MCLA 257.1118).

3. NOTICE.

Even though some notice requirement may be permitted, a particular provision may still be the time specified in the notice for an extremely short period may be unreasonable and constitutionally deficient; what period is reasonable in part depends on what purpose the notice serves.

4. DISMISSAL AND NONSUIT—PREJUDICE—NOTICE—MOTOR VEHICLE ACCIDENT CLAIMS ACT.

Only upon a showing of prejudice by failure to give the required six-month notice, may a claim against the Motor Vehicle Accident Claims Fund be dismissed (MCLA 257.1118).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 119, 124, 125, 136, 137; 58 Am Jur 2d, Notice §§ 22, 23.
[2, 4, 5] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 680–803.
[3] 58 Am Jur 2d, Notice §§ 22, 23.
  Time of notice to public works contractor on United States project under Miller Act. 78 ALR2d 412.
[6] 16 Am Jur 2d, Constitutional Law §§ 105–108.

DISSENTING OPINION
T. E. BRENNAN and M. S. COLEMAN, JJ.

5. STATUTES—MOTOR VEHICLE CLAIMS ACT—LIMITATION OF ACTIONS—
NOTICE—SECRETARY OF STATE.

*A section of the Motor Vehicle Accident Claims Act requires that a notice of claim be made to the Secretary of State within six months of the date of the cause of action and it says that no recovery may be had from the fund unless the notice is given (MCLA 257.1118).*

6. STATUTES—CONSTITUTIONAL LAW.

*Statutory law must always be expressed in terms clearly defining the conduct which is prohibited or required and the power to legislate necessarily includes the power to declare the boundaries of prohibited or required conduct; legislation which does not declare such boundaries is constitutionally infirm because citizens must be able to know what their legal rights and duties are.*

Appeal from Wayne, Joseph G. Rashid, J., and from Court of Appeals prior to decision. Submitted January 3, 1973. (No. 1 January Term 1973, Docket No. 54,371.) Decided October 17, 1973.

Complaint by Sidney Carver, Bernice Garrett, individually and as administratrix of the estate of Sidney Carver Garrett, deceased, and others against Albert G. McKernan, John Doe and the Secretary of State for damages for injuries sustained in an automobile collision. Accelerated judgment granted as to Secretary of State only. Plaintiffs appealed to the Court of Appeals on leave granted. Plaintiffs appealed to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Reversed and remanded.

*Barbara & Wisok, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

T. G. Kavanagh, J. We are called upon in this case to decide whether the notice requirement of 1965 PA 198, § 18 as amended by 1968 PA 223, § 1, MCLA 257.1118; MSA 9.2818 known as the Motor Vehicle Accident Claims Act is unconstitutional as violative of the due process and equal protection provisions of the United States[1] and Michigan[2] Constitutions.

The facts giving rise to the claim are not in dispute.

On June 29, 1969 plaintiffs were passengers in a car which was struck in the rear by another vehicle which did not stop. A check of its license plate subsequently established that ': was owned by defendant McKernan.

Plaintiffs filed a claim with defendant McKernan's insurance carrier, but it was denied on the ground that the McKernan car was not driven with the express or implied consent of the owner.

Thereafter, on January 15, 1971, the instant suit was started against defendant McKernan, John Doe (the unknown driver) and the Secretary of State.

The Secretary of State's motion for accelerated judgment on the basis of plaintiffs' failure to give notice of intent to claim against the Motor Vehicle Accident Claim Fund within six months of the accrual of the cause of action was granted "for reason that notice to the Secretary of State as required by the statute was not timely filed".

---

[1] US Const, Am XIV, § 1.

[2] Const 1963, art 1, § 17; Const 1963, art 1, § 2.

We granted bypass of the Court of Appeals because we are convinced that the validity of the notice requirement presents a recurring problem in the administration of this Act, and the resolution of the question of its validity is of major importance to the jurisprudence of the state.

At the outset, we acknowledge frankly that statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us. We acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access, but we look askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes.

In the combined cases of *Lisee v Secretary of State* and *Howell v Lazaruk,* 388 Mich 32; 199 NW2d 188 (1972), we held that in *Howell* the Secretary of State had actual notice and in *Lisee* the Secretary was estopped to plead failure to give notice under the circumstances of that case. We held that the purpose of the notice requirement of § 18 was to afford the Secretary opportunity to investigate the claim so as to prepare his defense and to determine possible liability of the fund.

Justices T. E. BRENNAN and BLACK dissented from our holding in *Lisee (Howell)* on the ground that the purpose of the notice requirement might be something other than to afford time for investigation and suggested that it might have been inserted to allow for creating reserves and anticipating future demands on the fund or to force the claimant to an early choice of whether to proceed against the fund. (The time period of § 18 considered in *Lisee* then stood at one year. The period was shortened to six months effective July 1, 1968.)

By positing a legitimate purpose for the notice provision we are constrained to hold that § 18 does not necessarily violate the constitution.

But, even though some notice requirement may be permitted, a particular provision may still be constitutionally deficient. We must consider the time specified in the notice for an extremely short period may be unreasonable. What period is reasonable in part depends on what purpose the notice serves. Because we cannot say with certainty what purpose the Legislature had in mind in providing for this notice, we are not prepared to say that the six month period provided by this statute is unreasonable as a matter of law.

The failure to give notice may result in prejudice to the fund according to whatever reason justifies the notice requirement. Whenever the Secretary claims to have been prejudiced by the lack of notice, he should be afforded the opportunity to show such prejudice.

While we decline to declare that the notice requirement of § 18 is constitutionally defective, we hold that only upon a showing of prejudice by failure to give such notice, may the claim against the fund be dismissed.

In this case since the complaint was dismissed on motion, without such showing of prejudice, the order of dismissal is set aside, and the claim against the fund reinstated and the matter remanded for further proceedings pursuant to this opinion.

No costs, a public question.

T. M. Kavanagh, C. J., and Swainson, Williams, and Levin, JJ., concurred with T. G. Kavanagh, J.

T. E. Brennan, J. *(dissenting).* I dissent.

The statute in question in this action is 1965 PA 198, as amended by 1968 PA 223; MCLA 257.1118; MSA 9.2818. It reads as follows:

"Sec. 18. In all actions in which recovery is to be sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues. Recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within *6 months* of the date that the cause of action shall accrue." (Emphasis added.)

The essence of our Court's holding today is:

"The failure to give notice may result in prejudice to the fund according to whatever reason justifies the notice requirement. Whenever the Secretary claims to have been prejudiced by the lack of notice, he should be afforded the opportunity to show such prejudice.

"While we decline to declare that the notice requirement of § 18 is constitutionally defective, we hold that only upon a showing of prejudice by failure to give such notice, may the claim against the fund be dismissed."

To summarize:

The statute requires that a notice of claim be made to the Secretary of State within six months of the date of the cause of action.

The statute says that no recovery may be had from the fund unless the notice is given.

Our Court declines to hold that the statute is unconstitutional. But we go on to say that this constitutionally valid and plainly stated requirement for a notice of claim within six months, does not really mean what it clearly says.

The Secretary will have to show, on a case-by-case basis that the fund has been somehow prejudiced by each individual failure to give the required notice.

Now the curious thing is that while the Court has conceded that there are—or at least there may be—valid reasons for the requirement of notice, that requirement is not binding in any case where the reasons do not directly apply.

The rationale of the Court displays a total disregard for the fundamental power of the Legislature to make binding, uniform rules of human conduct. By the reasoning in this case, it may fairly be concluded that no law is binding upon any citizen unless he or she may be found guilty of the mischief intended to be avoided by the adoption of the law.

Thus a statute prohibiting motorists from proceeding through red lights is a valid exercise of the police power, founded in reason and logic and designed to move traffic and prevent collisions between vehicles approaching intersections from different directions. Under the rule of the case before us, the citizen has committed no offense unless, by proceeding through a red light he has interfered with traffic coming from the other direction.

Endless other examples come to mind.

Statutory law must always be expressed in terms clearly defining the conduct which is prohibited or required.

The power to legislate necessarily includes the power to declare the boundaries of prohibited or required conduct.

Moreover, legislation which does not declare such boundaries is constitutionally infirm. Citizens must be able to know what their legal rights and duties are.

By the rule of the case decided here, a claim against the Uninsured Motorists' Fund is not barred *per se* by failure to give the notice, but only

by *prejudicial* failure to give notice. Further, our decision does not even create a presumption of prejudice from failure to give notice. The Secretary is put to the burden of proof to show that prejudice has in fact occurred.

Our decision emasculates the statutory notice requirement. The Court's candor in conceding distaste for time limitations is no justification for judicial legislation.

M. S. COLEMAN, J.. concurred with T. E. BRENNAN, J.