Marilyn Kelly, J.
(dissenting). The issue presented in this case — whether plaintiffs failure to strictly comply with MCL 124.419’s notice requirement mandates dismissal of her claim — is hardly novel. The majority takes this opportunity to perpetuate its restriction to access to our courts by holding, yet again, that failure to comply with a notice requirement requires dismissal of a suit. As I have detailed on several occasions, I would hold that statutory notice requirements are enforceable only to the extent that a defendant is prejudiced by a plaintiffs failure to comply. Because defendant in this case was not prejudiced by plaintiffs failure to comply, I respectfully dissent.
ANALYSIS
The proper interpretation and application of statutory notice provisions like MCL 124.419[1] have long *724 occupied our courts. While early decisions of our Court strictly construed notice provisions and allowed dismissal for failure to comply,[2] the Court changed course in 1970 in Grubaugh v City of St Johns.[3] In Grubaugh, the Court dealt with a statutory provision that required a plaintiff to give a governmental defendant notice of a claim within 60 days of the incident underlying the lawsuit. The Court held that the provision violated the Due Process Clause of the state constitution.[4]
Two years later in Reich v State Highway Department, the Court extended Grubaugh and held that a statute that included a 60-day notice provision was unconstitutional on equal protection grounds.[5] We reasoned that the state and federal constitutions forbid treating those injured by governmental negligence differently from those injured by a private party’s negligence.[6]
The next year, in Carver v McKernan,[7] the Court considered the application of a six-month notice provision in the Motor Vehicle Accident Claims Act.[8] The Court somewhat retreated from Grubaugh’s and Reich’s holdings that statutory notice provisions are per se unconstitutional. Carver held that the notice provision in that case was constitutional, and thus enforceable, *725 but only if the plaintiffs failure to give notice prejudiced the party not receiving the notice.[9] The Court opined that while some notice provisions may be constitutionally permitted, others may not be, depending on the purpose served by the notice requirement.[10] The Court explained that if the notice provision served some purpose other than to prevent prejudice, it could be considered an unconstitutional legislative requirement.[11]
Three years later in Hobbs v Department of State Highways,[12] the Court reaffirmed the reasoning of Carver. Considering a 120-day notice requirement in the governmental tort liability act,[13] the Court held:
The rationale of Carver is equally applicable to cases brought under the governmental liability act. Because actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision, absent a showing of such prejudice the notice provision contained in [MCL 691.1404] is not a bar to claims filed [under the act].[14]
Thus, Hobbs continued to employ a prejudice standard when construing statutory notice provisions.
Twenty years later in Brown v Manistee County Road Commission,[15] the Court reconsidered the propriety of Hobbs. We concluded that the statute at issue in that case was unconstitutional, reasoning that we were “unable to perceive a rational basis for the county road *726 commission statute to mandate notice of a claim within sixty days.”[16] We further reasoned that there was no legitimate reason to subject some claimants to a 60-day notice period and others to a 120-day notice period.
Nonetheless, in 2007, four justices of the Court issued Rowland v Washtenaw County Road Commission and upended Hobbs, Brown, and their progeny as wrongly decided.[17] Those justices concluded that Hobbs and Brown had erroneously read actual prejudice requirements into statutory notice provisions and, in doing so, usurped the Legislature’s power to mandate timely notice to defendants. I dissented from the Court’s decision to overrule Hobbs and Brown. I opined that the Court did not need to reach the validity of those cases in deciding Rowland but that, in any event, they had been properly decided. I stated:
Even if it were proper to reach the 120-day notice requirement in this case, it would not be appropriate to overturn Hobbs and Brown. Together, these cases represent 30 years of precedent on the proper meaning and application of MCL 691.1404. Such a considerable history cannot be lightly ignored. And the Legislature’s failure to amend the statute during this time strongly indicates that Hobbs and Brown properly effectuated its intent when enacting MCL 691.1404(1).
The primary goal of statutory interpretation is to give effect to legislative intent. In both Hobbs and Brown, the Court identified the intent behind the notice provision as being to prevent prejudice to a governmental agency. [In Hobbs, the Court held that] [a]ctual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision .... For 20 years, the Legislature knew of this interpretation but took *727 no action to amend the statute or to state some other purpose behind MCL 691.1404(1). The Court then readdressed the statute in Brown and came to the same conclusion regarding the purpose behind MCL 691.1404(1).
Another ten years have passed, but still the Legislature has taken no action to alter the Court’s interpretation of the intent behind the statute. This lack of legislative correction points tellingly to the conclusion that this Court properly determined and effectuated the intent behind MCL 691.1404(1). If the proper intent is effectuated, the primary goal of statutory interpretation is achieved.[18]
I continue to stand by my dissenting opinion in Rowland and believe that in toppling decades of settled caselaw, the Court acted improperly. I would hold, consistently with Hobbs and Brown, that preventing actual prejudice to a defendant because of lack of notice is the primary legitimate purpose of notice provisions.[19] Consequently, a suit may be dismissed for lack of notice only when a defendant has been prejudiced.
In this case, plaintiff failed to provide the notice of intent to bring a tort claim within the 60-day period required by MCL 124.419. Applying the reasoning of Hobbs, Brown, and my partial dissent in Rowland, I would hold that defendant was not prejudiced by this failure. This is apparent for several reasons.
First, following the bus collision underlying plaintiffs claim, defendant immediately investigated the accident on its own accord. It did not believe that plaintiff had sustained any serious injuries, but was *728 nonetheless aware of the incident and of plaintiffs involvement. Defendant also obtained a statement from one of the bus drivers, a supervisor’s accident investigation report, and a transit accident report, all within several days of the accident. Thus, defendant was cogently aware of the basis for plaintiffs claim and was not prejudiced by plaintiffs failure to file a notice of intent to sue.
Second, within 10 days of the accident, plaintiff advised defendant’s insurer, ASU Group, that she had been injured in the collision. ASU Group provided her with an application for no-fault benefits, which she completed and returned. In her application, plaintiff explicitly noted her injuries that resulted from the accident as well as her health insurance information. She noted that her doctors had prescribed medication for her. She also provided a list of the physicians treating her and their contact information.
ASU Group contacted each of plaintiffs physicians and obtained her medical records related to the accident. ASU Group’s notes on plaintiffs case indicate that it was aware that during plaintiffs convalescence, her mother and daughter performed household services for her. Its notes further reflect that with plaintiffs anticipated wage loss, treatment, and household services, she would not be able to cover her expected medical costs. Finally, defendant was aware that plaintiffs condition continued to worsen several weeks after the accident and that magnetic resonance imaging depicted disk herniations and degenerative changes in her spine. Thus, defendant was acutely aware of plaintiffs injuries and the factual basis for her tort claims.
This information that plaintiff provided to defendant and its insurer put defendant on notice of plaintiffs tort claims against it. This is not a case of a failure to *729 substantially comply with a notice requirement. Indeed, plaintiff substantially complied with MCL 124.419 and, as the record indicates, defendant was well aware of the genesis of plaintiffs claims. Defendant was also fully apprised of all details relevant to plaintiffs suit by virtue of its insurer’s active communication with plaintiff within the 60-day notice period. Accordingly, defendant suffered no prejudice when plaintiff did not give notice of her intent to pursue tort claims until several months after expiration of the 60-day notice period. I reject the notion that slavish adherence to form must be shown in this case when the legislative purpose of the notice requirement was so clearly fulfilled.
CONCLUSION
I would affirm the judgment of the Court of Appeals. I would hold that plaintiffs failure to provide notice within 60 days of the incident does not mandate partial summary disposition in favor of defendant. Rather, because defendant was not prejudiced by plaintiffs failure to file notice, this Court should remand her case to the trial court for further proceedings. Accordingly, I respectfully dissent.
CAVANAGH and HATHAWAY, JJ., concurred with MAKILYN Kelly, J.

 MCL 124.419 provides, in relevant part:
All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained ....
I agree with the majority’s conclusion that this provision requires potential claimants to notify the defendant of “any claim.” Considering the language of the statute, an application for no-fault benefits is not the same as written notice of an impending tort action. However, as discussed later, I believe that notice of a request for no-fault benefits arising out of the same underlying facts may be sufficient notice of an impending tort *724 claim. I believe that a defendant would suffer no prejudice by the failure to file notice of the tort claim in these circumstances.

 See, e.g., Davidson v City of Muskegon, 111 Mich 454; 69 NW 670 (1897).

 Grubaugh v City of St Johns, 384 Mich 165; 180 NW2d 778 (1970).

 Id. at 176.

 Reich v State Hwy Dep’t, 386 Mich 617, 623-624; 194 NW2d 700 (1972).

 Id.

 Carver v McKernan, 390 Mich 96; 211 NW2d 24 (1973).

 MCL 257.1118.

 Carver, 390 Mich at 100.

 Id.

 Id.

 Hobbs v Dep’t of State Hwys, 398 Mich 90; 247 NW2d 754 (1976).

 MCL 691.1401 et seq.

 Hobbs, 398 Mich at 96.

 Brown v Manistee Co Rd Comm, 452 Mich 354; 550 NW2d 215 (1996).

 Id. at 363.

 Rowland v Washtenaw Co Rd Comm, 477 Mich 197, 210-213; 731 NW2d 41 (2007).

 Id. at 258-259 (Marilyn Kelly, J., concurring in part and dissenting in part) (quotation marks and citations omitted).

 Rather than repeat my response to the majority’s criticism of my position, I refer the reader to my dissenting opinions in McCahan v Brennan, 492 Mich 730, 752-762; 822 NW2d 747 (2012) (Marilyn Kelly, J., dissenting), and Rowland, 477 Mich at 248 (Marilyn Kelly, J., concurring in part and dissenting in part).