MARILYN Kelly, J.
(dissenting). The question presented in this case is similar to that in Atkins v Suburban Mobility Authority for Regional Transportation[1] and is hardly novel. At issue is whether plaintiffs failure to comply with a statutory notice requirement mandates entry of summary disposition in favor of defendant University of Michigan Regents. The majority concludes that, consistently with Rowland v Washtenaw County Road Commission,[2] MCL 600.6431 must be strictly enforced. Hence, the fact that plaintiff provided actual notice to defendant rather than notice that complied in every detail with the statute requires that her entire claim be dismissed. The majority further declares that Rowland’s reasoning applies to all statutory notice or filing provisions, not just those in MCL 600.6431. Because I disagree both with the majority’s application of MCL 600.6431 and its unrestrained extension of Rowland to statutes not before the Court, I respectfully dissent.
*753 analysis
The proper interpretation and application of statutory notice provisions like MCL 600.6341[3] have long occupied our courts. While early decisions of our Court strictly construed notice provisions and allowed dismissal for failure to comply,[4] the Court changed course in 1970 in Grubaugh v City of St Johns.[5] In Grubaugh, the Court dealt with a statutory provision that required a plaintiff to give a governmental defendant notice of a claim within 60 days of the incident underlying the lawsuit. The Court determined that the provision violated the Due Process Clause of the state constitution.[6]
*754 Two years later, in Reich v State Highway Department, the Court extended Grubaugh and held that a statute that included a 60-day notice provision was unconstitutional on equal protection grounds.[7] We reasoned that the state and federal constitutions forbid treating those injured by governmental negligence differently from those injured by a private party’s negligence.[8]
The next year, in Carver v McKernan,[9] the Court considered the application of a six-month notice provision in the Motor Vehicle Accident Claims Act.[10] The Court retreated somewhat from Grubaugh’s and Reich’s holdings that statutory notice provisions are per se unconstitutional. Carver held that the notice provision at issue in that case was constitutional, and thus enforceable, but only if the plaintiff s failure to give notice prejudiced the party receiving the notice.[11] The Court opined that while some notice provisions may be constitutionally permitted, others may not be, depending on the purpose served by the notice requirement.[12] The Court explained that if the notice provision served some purpose other than to prevent prejudice, it could be considered an unconstitutional legislative requirement.[13]
Three years later, in Hobbs v Department of State Highways,[14] the Court reaffirmed the reasoning of Carver. Considering a 120-day notice requirement in the governmental tort liability act,[15] the Court held:
*755 The rationale of Carver is equally applicable to cases brought under the governmental liability act. Because actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision, absent a showing of such prejudice the notice provision contained in [MCL 691.1404] is not a bar to claims filed [under the act].[16]
Thus, Hobbs continued to employ a prejudice standard when construing statutory notice provisions.
Twenty years later, in Brown v Manistee County Road Commission,[17] the Court reconsidered the propriety of Hobbs. We concluded that the statute at issue in that case was unconstitutional, reasoning that we were “unable to perceive a rational basis for the county road commission statute to mandate notice of a claim within sixty days.”[18] We further reasoned that there was no legitimate reason to subject some claimants to a 60-day notice period and others to a 120-day notice period.
Nonetheless, in 2007, four justices of the Court issued Rowland and upended Hobbs, Brown, and their progeny as wrongly decided.[19] Those justices concluded that Hobbs and Brown erroneously read actual prejudice requirements into statutory notice provisions and, in doing so, usurped the Legislature’s power to mandate timely notice to defendants. I dissented with respect to the Court’s decision to overrule Hobbs and Brown. I opined that the Court did not need to reach the validity of those cases in deciding Rowland but, in any event, that they had been properly decided. I stated:
*756 Even if it were proper to reach the 120-day notice requirement in this case, it would not be appropriate to overturn Hobbs and Brown. Together, these cases represent 30 years of precedent on the proper meaning and application of MCL 691.1404. Such a considerable history cannot be lightly ignored. And the Legislature’s failure to amend the statute during this time strongly indicates that Hobbs and Brown properly effectuated its intent when enacting MCL 691.1404(1).
The primary goal of statutory interpretation is to give effect to legislative intent. In both Hobbs and Brown, the Court identified the intent behind the notice provision as being to prevent prejudice to a governmental agency. [In Brown, the Court held that] [a]ctual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision .... For 20 years, the Legislature knew of this interpretation but took no action to amend the statute or to state some other purpose behind MCL 691.1404(1). The Court then readdressed the statute in Brown and came to the same conclusion regarding the purpose behind MCL 691.1404(1).
Another ten years have passed, but still the Legislature has taken no action to alter the Court’s interpretation of the intent behind the statute. This lack of legislative correction points tellingly to the conclusion that this Court properly determined and effectuated the intent behind MCL 691.1404(1). If the proper intent is effectuated, the primary goal of statutory interpretation is achieved.
Moreover, if the Legislature truly desired a hard and fast 120-day limit, it could have rewritten the statute to contain a presumption of prejudice. Alternatively, it could have defined actual prejudice in the statute to be more restrictive than Hobbs found it to be. There was the possibility of change. Because it did not occur, it is reasonable to deduce that the Legislature’s inaction has been intentional.[20]
*757 I continue to stand by my partial dissent in Rowland and believe that, in toppling decades of settled caselaw, the Court acted improperly.[21] would hold, consistently with Hobbs and Brown, that preventing actual prejudice to a defendant due to lack of notice is the primary legitimate purpose of statutory notice provisions.[22] Consequently, a suit may be dismissed for lack of notice only when a defendant has been prejudiced by a plaintiffs noncompliance.
*758 In this case, plaintiff provided actual notice to defendant; she failed to provide the notice of intent to bring suit within the six-month period required by MCL 600.6431(3). Applying to it the reasoning of Hobbs, Brown, and my partial dissent in Rowland, I would hold that defendant was not prejudiced by this failure. This is apparent for several reasons.
First, less than five months after the underlying accident, on May 7, 2008, plaintiffs counsel sent a letter to the University of Michigan’s legal office. That letter indicated counsel’s intent to represent plaintiff in a lawsuit against defendant.
Second, three weeks later, on May 28, 2008, the university’s senior claims representative from the Office of Risk Management Services replied to counsel’s letter. The representative advised plaintiffs counsel that the university intended to conduct a full investigation into plaintiffs accident. Furthermore, the representative requested additional information, including a statement by plaintiff, medical records, medical bills, and other details pertaining to the accident. The representative’s letter stated that once a full investigation was complete, the university would discuss resolution of plaintiffs claim. The representative also sent the letter to the university’s assistant general counsel.
Third, on June 9, 2008, plaintiff agreed to meet with the representative to provide a statement describing her accident. She did so and left a copy of all documentary materials available at that time, including the police report and medical records. In September and October 2008, plaintiff provided new documentation of her injuries and treatment to the representative.
The information plaintiff provided put defendant on notice of plaintiffs claim against it. This is not a case of a failure to substantially comply with a notice require *759 ment. Plaintiff substantially complied with MCL 600.6431(3) and, as the record indicates, defendant was actually aware that plaintiff had retained counsel to pursue a lawsuit against it. Defendant was also fully apprised of all details relevant to plaintiffs suit within the six-month period following her accident. Indeed, through its representative, defendant actively communicated with plaintiff and her counsel within the six-month-notice period. Accordingly, defendant had actual notice of her claim. Moreover, it suffered no prejudice when plaintiff filed notice of its lawsuit in the Court of Claims several months after expiration of the six-month-notice period. I reject the notion that slavish adherence to form must be shown in this case when the legislative purpose of the notice requirement was so clearly fulfilled.
The majority also applies Rowland’s reasoning to all similar statutory notice provisions, even those not presently before the Court.[23] I disagree. Our Court resolves disputes on a case-by-case basis and does not issue rulings regarding statutes or issues not before it. To the extent that the Court attempts to construe statutes that are not at issue in this case by extending Rowland’s reasoning, its attempt amounts to nothing more than dicta.
RESPONSE TO THE MAJORITY
The majority notes that the Legislature has not amended various statutory notice provisions during the five years since Rowland was decided. It concludes that my dissent should acknowledge that the Legislature has thereby acquiesced in no prejudice requirement being attached to these provisions.
*760 But the majority ignores an important fact: Rowland applied to the notice provision in the highway exception to governmental immunity.[24] No other notice provision. In fact, the majority admits that, at best, any broader application has been unclear during these past five years.[25] If the Legislature did not know that Rowland applied to the notice provisions of the Court of Claims Act, it can hardly be said to have acquiesced in the Court’s having removed a prejudice component from those provisions.
The majority criticizes me for refusing to disregard the obvious fact that defendant here had actual and timely notice that fulfilled the intent of MCL 600.6431. Moreover, it is unconcerned that defendant can show no prejudice whatsoever in not receiving additional notice that conformed to the letter of the provision.
The majority also accuses me of selectively applying the doctrine of legislative acquiescence to suit an intended result.[26] In so doing, the majority invests my dissent with a position it has never taken and then belittles the dissent for having taken it. I have never taken the position that, if the Legislature does not amend a statute after the Court interprets it, the Legislature must be held to have acquiesced in the Court’s interpretation. Rather, my position is that the Legislature’s failure to amend is evidence of acquiescence; it is not conclusive proof.
Legislative acquiescence is a tool, a factor to be weighed in the balance when the Court interprets a statute. When the Court’s interpretation is longstanding, clear, and well understood, as in the case of Hobbs *761 and Brown, which Rowland overturned, the doctrine of legislative acquiescence should weigh more heavily. Contrast that with cases in which the Court’s interpretation is longstanding but has been heavily eroded by subsequent rulings. That was the condition of People v Hendershot,[27] which I would have overruled in People v Lown.[28] The doctrine of legislative acquiescence weighed less heavily on the scales in Lown.
The majority further asserts that this Court’s preRowland decisions mandated a prejudice component in notice requirements lest they be struck down as unconstitutional. Hence, it reasons, the Legislature could not have amended notice provisions to eliminate a prejudice component. But the majority fails to realize that the Legislature could have amended notice requirements in conformity with Hobbs and Brown and chose not to do so. The majority’s argument here was also made in criticism of my dissent in Rowland.[29] My response is the same now as it was then.
The majority also criticizes me for failing to provide a “generalized theory that allows one to predict when [I] will. . . invoke legislative acquiescence . . . .”[30] I find that its preference for a generalized theory to predict when I will invoke legislative acquiescence is an invitation to a field trip. Accepting it would only draw me away from the pertinent question: did the notice plaintiff gave defendant in this case satisfy the Legislature’s intent in enacting MCL 600.6431? I have shown that it did.
*762 CONCLUSION
I would reverse the judgment of the Court of Appeals. I would hold that plaintiffs failure to file notice of her suit in the Court of Claims within six months of the incident giving rise to her suit does not mandate summary disposition in favor of defendant. Defendant had actual timely notice and was not prejudiced by plaintiffs failure to file the notice described in MCL 600.6431. The intent of the Legislature was satisfied. For these reasons, the Court should set aside the grant of summary disposition and remand plaintiffs case to the trial court for further proceedings. Accordingly, I respectfully dissent.
CAVANAGH, J., concurred with MARILYN KELLY, J.
Hathaway, J., concurred with Marilyn Kelly, J., except for the part of the opinion entitled “Response to the Majority.”

 Atkins v Suburban Mobility Auth for Regional Transp, 492 Mich 707; 822 NW2d 522 (2012).

 Rowland v Washtenaw Co Rd Comm, 477 Mich 197; 731 NW2d 41 (2007).

 MCL 600.6431 provides:
(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or my of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.
I agree with the majority’s underlying conclusion that a reasonable person reading the statute would understand that subsections (1) md (3) are related md interdependent. Accordingly, the statute provides a six-month period for a plaintiff to file notice of an impending claim in the Court of Claims.

 See, e.g., Davidson v City of Muskegon, 111 Mich 454; 69 NW 670 (1897).

 Grubaugh v City of St Johns, 384 Mich 165; 180 NW2d 778 (1970).

 Id. at 176.

 Reich v State Hwy Dep’t, 386 Mich 617, 623-624; 194 NW2d 700 (1972).

 Id.

 Carver v McKernan, 390 Mich 96; 211 NW2d 24 (1973).

 MCL 257.1118.

 Carver, 390 Mich at 100.

 Id.

 Id.

 Hobbs v Dep’t of State Hwys, 398 Mich 90; 247 NW2d 754 (1976).

 MCL 691.1404.

 Hobbs, 398 Mich at 96.

 Brown v Manistee Co Rd Comm, 452 Mich 354; 550 NW2d 215 (1996).

 Id. at 363.

 Rowland, 477 Mich at 210-213.

 Id. at 258-259, 263 (MARILYN Kelly, J., concurring in part and dissenting in part) (quotation marks and citations omitted).

 I am cognizant that Rowland garnered a hare majority of the Court when decided in 2007. But I did not sign that opinion. By standing by my opinion concurring in part and dissenting in part in Rowland, I am not ignoring precedent. Rather, I am consistently recommending the application of the proper interpretation and application of statutory notice provisions. This is not an avant-garde concept. See, e.g., People v Pearson, 490 Mich 984 (2012) (Young, C.J., dissenting), in which Chief Justice Young stood by his partial dissent in People v Bonilla-Machado, 489 Mich 412; 803 NW2d 217 (2011), and recommended against applying Bonilla-Machado despite its controlling effect.
The majority claims that “this case is not a basis to relitigate Rowland.” Ante at 747. I find this statement difficult to fathom considering that the majority relies entirely on an extension of the principles espoused in Rowland and “take[s] this opportunity to reaffirm [it].” Ante at 732. The majority’s claim in this regard is also belied by its explicit reliance on the arguments made by the Rowland majority in part III of its opinion.

 The majority is troubled by my reliance on legislative acquiescence as support for my conclusion that the Legislature approved of the pre-Rowland line of cases. See ante at 749-750. Judges are free to pick and choose the interpretive tools with which they engage in statutory interpretation. While four members of this Court may prefer not to consider legislative acquiescence, the tool has a deep-rooted history in the United States Supreme Court as well as in this Court. See, e.g., Shepard v United States, 544 US 13, 23; 125 S Ct 1254; 161 L Ed 2d 205 (2005); Douglass v Pike Co, 101 US (11 Otto) 677, 687; 25 L Ed 968 (1880); Twork v Munising Paper Co, 275 Mich 174, 178; 266 NW 311 (1936); see also Rowland, 477 Mich at 260-261 (Marilyn Kelly, J., concurring in part and dissenting in part). Despite the majority’s recent rejection of the doctrine, see People v Likine, 492 Mich 367, 411 n 96; 823 NW2d 50 (2012), it remains a valid interpretive aid.

 See ante at 746.

 See MCL 691.1404(1).

 See ante at 745.

 Ante at 751 n 38.

 People v Hendershot, 357 Mich 300; 98 NW2d 568 (1959).

 People v Lown, 488 Mich 242, 282-287; 794 NW2d 9 (2011) (Marilyn Kelly, J., dissenting).

 See Rowland, 477 Mich at 209 n 8.

 Ante at 751 n 38.