*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF BARRY COUNTY
TREASURER FOR FORECLOSURE.

BARRY COUNTY TREASURER,

Petitioner-Appellee,

v

WILLIAM E. ROBBINS, Personal Representative of
the ESTATE OF RODNEY ERNEST ROBBINS,

Respondent-Appellant.

UNPUBLISHED
February 1, 2024

No. 362316
Barry Circuit Court
LC No. 2020-000289-CZ

Before: RICK, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

This dispute involves the distribution of surplus proceeds resulting from the tax-foreclosure sale of property formerly owned by decedent, Rodney Ernest Robbins.[1]  Respondent, the Estate of Rodney Ernest Robbins (the Estate), by William E. Robbins, appeals by leave granted the circuit court's order denying the Estate's motion to compel petitioner, the Barry County Treasurer (the Treasurer), to disburse to the Estate $34,475 in proceeds remaining from the tax-foreclosure sale. The Estate contends that the trial court erred in several respects when it applied MCL 211.78t and determined that the Estate had forfeited its right to seek the surplus proceeds.  Based on this Court's published opinion in *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 363764), we affirm.

## I. FACTUAL BACKGROUND

In 2020, our Supreme Court ruled that former owners of properties sold at tax-foreclosure sales possess "a cognizable, vested property right to the surplus proceeds resulting from the tax-

---

[1] For ease of reference, we shall refer to the members of the Robbins family by their first names.

foreclosure sale of their properties." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020). The Supreme Court further held that that right continues to exist after title passes to the foreclosing governmental unit. The government's "retention and subsequent transfer of those proceeds into the county general fund," the Court explained, "amounted to a taking of plaintiffs' properties" for which the former owners are entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485.

In response to the decision in *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. With passage of 2020 PA 256, the Legislature added MCL 211.78t to the General Property Tax Act (GPTA), MCL 211.1 *et seq*. That statute includes a subsection, MCL 211.78t(2), which provides that, for any properties that a foreclosing governmental unit sold at a tax-foreclosure sale after July 17, 2020, a former property owner who wants to seek surplus proceeds from the tax-foreclosure sale must file a notice of intent to seek the surplus—using the form known as Form 5743—with the foreclosing governmental unit by July 1 after the effective date of the foreclosure. After the tax-foreclosure sale, the foreclosing governmental unit must then notify the former property owners who filed a notice of the amount of surplus proceeds, if any, by the following January 31. See MCL 211.78t(3)(i). The notice must include a statement that directs the claimant to file a motion in the circuit court in the foreclosure proceeding to recover any remaining proceeds. MCL 211.78t(3)(k).

Rodney owned real property in Hastings, Michigan, but he did not pay the property taxes due on his property for the 2018 tax year. Rodney died in June 2018. In May 2020, the Treasurer petitioned the circuit court to foreclose on the property under the GPTA. The circuit court granted the petition and entered a judgment of foreclosure in February 2021 and then an amended judgment in April 2021. No one redeemed the property, so absolute title vested in the Treasurer, as provided by MCL 211.78k(6). The property was sold at a tax-foreclosure sale in August 2021 for $40,000.

William opened the Estate in April 2022. Weeks later, the Estate moved for the entry of an order directing the Treasurer to distribute to the Estate the estimated $36,475 in surplus proceeds remaining from the tax-foreclosure sale. The Estate acknowledged that it had not filed Form 5743 by the July 1 deadline, but it explained that it could not do so because the Estate did not exist until April 2022. Nevertheless, the Estate insisted that it was entitled to the surplus proceeds from the tax-foreclosure sale under the decision in *Rafaeli* and other law. The Treasurer argued that neither the Estate nor William complied with the notice requirements prescribed by MCL 211.78t(2). For that reason, the Treasurer claimed that both forfeited any right they might have had to the surplus proceeds. The trial court agreed with the Treasurer's arguments and entered an order denying the Estate's motion. The Estate then appealed by leave granted.[2]

## II. LEGAL ANALYSIS

On appeal, the Estate asserts that: (1) MCL 211.78t violates due process to the extent that it requires a claimant to meet notice requirements in order to obtain the surplus proceeds; and (2) the trial court erred when it interpreted and applied MCL 211.78t. "We review de novo questions

---

[2] *In re Petition of Barry Co Treasurer*, unpublished order of the Court of Appeals, entered October 6, 2023 (Docket No. 362316).

of constitutional law[.]" *Bonner v Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014). In similar fashion, matters "of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019). Statutes are presumed to be constitutional, so we have a duty to construe a statute as constitutional unless its unconstitutionality is "clearly apparent." *Taylor v Gate Pharm*, 468 Mich 1, 6; 658 NW2d 127 (2003). With all these standards in mind, we shall first consider the Estate's constitutional arguments and then turn to the Estate's statutory challenges to the trial court's ruling.

## A. CONSTITUTIONAL ARGUMENTS

The Estate has offered several constitutional challenges under the heading of due process. The constitutional right to due process of law has both a procedural component and a substantive component. *Cary Investments, LLC v Mount Pleasant*, 342 Mich App 304, 314; 994 NW2d 802 (2022). The procedural component "requires 'notice and an opportunity to be heard' prior to a deprivation of life, liberty, or property." *Id*. at 315. In contrast, the substantive component bars governmental actions regardless of the fairness of the procedures used to implement them. *Id*. at 314. The Estate contends that the "pre-injury" notice requirement in MCL 211.78t constitutes a deprivation of substantive due process. As an initial matter, we observe that this Court concluded in *Muskegon Co*, ___ Mich App at ___; slip op at 9, that "[w]hen, as here, 'a constitutional claim is covered by a specific constitutional provision' " such as the Takings Clause or the constitutional guarantee of procedural due process, " 'the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' " Moreover, this Court explained in *Muskegon Co*, ___ Mich App at ___; slip op at 8-9, that the timing prescribed under MCL 211.78t(2) for a "claimant seeking remaining proceeds" to file a Form 5743 passes muster. Thus, the Estate's substantive due process claim is unavailing. See *id*.

The Estate advances several additional issues in presenting its claim of constitutional error, but those concerns do not fit neatly into its substantive-due-process argument. The Estate suggests MCL 211.78t is facially unconstitutional because: (1) it is complicated; (2) it refers to "applicable remaining proceeds," as opposed to "surplus proceeds"; (3) it presumes that owners of foreclosed property have abandoned their interest in surplus proceeds resulting from the tax-foreclosure sale; and (4) Form 5743 is deficient. These purported shortcomings do not render MCL 211.78t facially unconstitutional.

We do not agree that MCL 211.78t is especially complex. As this Court noted in *Muskegon Co*, ___ Mich App at ___; slip op at 7, "the burden to submit Form 5743 [is] minimal and require[s] only ordinary knowledge and diligence." And, beyond that, by failing to cite any authority for the proposition that the complexity of a statute can render the statute unconstitutional, the Estate has abandoned that claim on appeal. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Next, the Estate implies that "applicable remaining proceeds" are not the same as "surplus proceeds" discussed in *Rafaeli* because the Legislature unconstitutionally allowed for a deduction of a 5% commission from surplus proceeds. But this Court has disclaimed any significance in that distinction. *Muskegon Co*, ___ Mich App at ___; slip op at 4-5. Moreover, even if a commission cannot be constitutionally deducted from the proceeds, that does not invalidate the entire statutory scheme. See MCL 8.5; *In re Request for Advisory Opinion*, 490 Mich 295, 345; 806 NW2d 683

(2011). Only the provision that permits such a deduction would be unsustainable on constitutional grounds, but the Estate has made a constitutional challenge much broader than that.

The Estate's argument about the presumption of abandonment created by MCL 211.78t is belied by the stated purpose of 2020 PA 255 and 2020 PA 256, as related in the enacting provision, to "codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the [GPTA] . . . ." By dint of MCL 211.78t, there is a statutory pathway for foreclosed property owners to recover surplus proceeds to which they have a legal right. The *Rafaeli* Court stated that its decision did not prevent the Legislature from enacting legislation that requires former property owners to avail themselves of procedural avenues to recover remaining proceeds. See *Rafaeli*, 505 Mich at 474 n 108. Several states have adopted a system of returning surplus proceeds without imposing procedural requirements upon former property owners, but that is not the system our Legislature chose. This Court lacks the authority to override the Legislature's policy choice. *Muskegon Co*, ___ Mich App at ___; slip op at 9.

The Estate contends that Form 5743 is deficient because it does not require the foreclosed property owner to state an intent to claim an interest in proceeds from a tax-foreclosure sale. Form 5743, which is entitled "Notice of Intention to Claim Interest in Foreclosure Sales Proceeds," states in an explanatory paragraph that "[c]ompleting and returning this form evidences an intent to make a future claim but is not itself a claim for sales proceeds." Foreclosed property owners can declare their intent by completing and returning Form 5743. The Estate's insinuation that more is required lacks merit.

Finally, the Estate contends that the required submission of Form 5743 serves no purpose because the government is automatically on notice that any claimant intends to claim its property because of the protections against the taking of private property in the Constitution of the United States and Michigan's Constitution. Those provisions bar the government from seizing property without compensation. See US Const, Am V; Const 1963, art 10, § 2. They do not prevent the government from establishing rules requiring property owners to take an affirmative act to preserve their rights in property. Indeed, such conditions have been routinely upheld. See, e.g., *Kentwood v Estate of Sommerdyke*, 458 Mich 642, 650-652, 663; 581 NW2d 670 (1998) (recognizing that the Legislature had the power to condition the retention of property rights on defined affirmative acts and holding that the failure to act, and not state action, caused the lapse of the property right).

The Estate next claims that MCL 211.78t is unconstitutional as applied because the Estate did not exist before April 2022, so it could not meet the July 1, 2021 notice deadline. The Estate also asserts that it required notice and an opportunity to be heard, yet no one who had an interest in the property through Rodney received a forfeiture or foreclosure notice or a notice to file Form 5743 before July 1, 2021. The assumption underlying the Estate's argument is that Rodney or his estate still owned the property at issue nearly four years after his death. Under the laws of intestate succession, title to real estate passes upon death to the heirs or devisees by operation of law. MCL 700.3101; *In re Emmet Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359447); slip op at 4. Thus, whether the Estate or the personal representative received a forfeiture or foreclosure notice is irrelevant. From the record, it appears that William— in his individual capacity—was the only potential claimant for purposes of MCL 211.78t. See *id*. (because aunt's property devolved on the niece upon aunt's death, the niece had a sufficient legal

-4-

interest in the property such that she could properly be considered a "claimant" for purposes of MCL 211.78t).

The Estate further contends that the failure to provide notice after the foreclosure effected an unconstitutional taking without procedural due process. The Michigan Constitution prohibits the government from taking private property for public use "without just compensation being first made or secured in a manner prescribed by law." Const 1963, art 10, § 2. But this Court decided in *Muskegon Co*, ___ Mich App at ___; slip op at 10-11, that the operation of the notice provisions prescribed by MCL 211.78t does not constitute an unconstitutional taking of private property. The reasoning in this Court's published opinion leaves no room for a successful Takings Clause claim here under federal or Michigan constitutional law.

To the extent the Estate frames its claim in terms of procedural due process, we must reject it on the merits. The Treasurer followed the notice requirements defined by MCL 211.78t. At the time of foreclosure, Rodney and Doris Robbins were still listed as the owners of the property. The Treasurer sent multiple notices to Rodney and Doris at their address of record and also sent those same notices to them in the care of William. Additionally, on two occasions in January 2021, the Treasurer published notification in the local newspaper that the property would be sold at a tax-foreclosure sale. Thus, at the very least, William received notice by publication that the property in which he had an interest was at risk of foreclosure. William did not take any steps to protect his interest in the property or in the surplus proceeds from the tax-foreclosure sale. On this record, we conclude that the Estate has not identified any error in the process afforded to it or William that justifies setting aside the failure to file the notice required of claimants under MCL 211.78t(2). In sum, we find no constitutional basis to disturb the trial court's ruling in favor of the Treasurer.

## B. STATUTORY ARGUMENTS

Turning its focus to statutory language, the Estate contends that compliance with the notice requirement set forth in MCL 211.78t(2) either must be discretionary or, if it is not discretionary, forfeiture of surplus proceeds must not occur unless the Treasurer demonstrates that a claimant's failure to provide notice actually prejudiced the Treasurer. That approach rests on the notion that MCL 211.78t does not serve as the exclusive mechanism for foreclosed property owners to recover surplus proceeds. This Court stated in *Muskegon Co*, ___ Mich App at ___; slip op at 4, that "our Legislature intended MCL 211.78t as the sole mechanism by which a former owner of foreclosed property could obtain any proceeds remaining from the tax-foreclosure sale and satisfaction of the owner's delinquent taxes and associated costs." Thus, the Estate can neither read the requirement of notice under MCL 211.78t(2) out of Michigan law nor engraft a prejudice requirement onto the statutory language that places no such obligation on the Treasurer.[3]

---

[3] Arguing that if the notice requirement of MCL 211.78t(2) is mandatory, then the Treasurer should be required to show prejudice before taking surplus proceeds, the Estate asserts that this Court should revive and apply the holding in *Carver v McKernan*, 390 Mich 96, 100; 211 NW2d 24 (1973), affirmed in *Brown v Manistee Co Rd Comm*, 452 Mich 354, 364; 550 NW2d 215 (1996), which provided that the failure to give a statutorily required notice barred a plaintiff's claim against

The Estate insists MCL 211.78t(4), (8), and (9) do not require foreclosed property owners to show that they filed Form 5743 before July 1, 2021, in order to claim surplus proceeds, but those provisions must be read in the context of the entire statute. See *Macomb Co Prosecuting Attorney v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001). First, MCL 211.78t(4) applies to foreclosed property owners who receive the notice required under MCL 211.78t(3), which must be sent only to those who provide the notice required under MCL 211.78t(2). Next, MCL 211.78t(8) pertains to the contents of a claimant's motion filed under MCL 211.78t(4). Finally, MCL 211.78t(9) just refers to the hearing on those motions. Therefore, fairly read in the context of the entire statutory scheme, Subsections (4), (8), and (9) apply only to claimants who complied with MCL 211.78t(2).

Finally, the Estate argues that its filing of Form 5743 was timely under MCL 600.5852(1), which provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

The Estate claims this savings provision governs this case. We disagree. Even under the Estate's approach, Rodney did not "die[ ] before the [July 1, 2021] period of limitations ha[d] run or within 30 days after the period of limitations ha[d] run." Additionally, the Legislature's provision of an exception to the preclusive effect of MCL 211.78t(2) in MCL 211.78*l*(1) necessarily prohibits the application of any other exceptions, including the death-saving provision. See *Bruton v Macha*, 303 Mich App 750, 756; 846 NW2d 419 (2014) (the Legislature's express inclusion of exceptions to the six-year statute of repose with respect to medical malpractice claims necessarily implies the exclusion of any other exception). Furthermore, the death-saving provision applies only to claims that survive the decedent's death by operation of law. Any claim to surplus proceeds accrued after foreclosure of the property, so the claim was not in existence when Rodney died. See, e.g., *Hardy v Maxheimer*, 429 Mich 422, 440; 416 NW2d 299 (1987). The right to surplus proceeds arguably passed to Rodney's heirs upon his death in June 2018 along with title to his property. Rodney died more than two years before his property was foreclosed. Title to the property passed to William

---

a governmental entity only if the governmental entity could show it was actually prejudiced by the failure. Our Supreme Court overruled *Brown* and abrogated *Carver* in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 213; 731 NW2d 41 (2007). There, the Court reasoned that, by reading an "actual prejudice" requirement into the statute at issue, MCL 691.1404, *Carver* and *Brown* "usurped the Legislature's power" and "made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible." *Id*. Here, the notice requirement in MCL 211.78t(2) requires that a claimant seeking surplus proceeds for property sold after July 17, 2020, must notify the foreclosing governmental unit of the intent to seek the surplus by July 1 following the effective date of the foreclosure of the property. There is no requirement that the foreclosing governmental unit must demonstrate prejudice before it may treat a claim as abandoned, and we may not read such a requirement into the statute. *Rowland*, 477 Mich at 213.

after Rodney died. MCL 700.2103; see also *Pardeike v Fargo*, 344 Mich 518, 522; 73 NW2d 924 (1955); *Mich Trust Co v Grand Rapids*, 262 Mich 547, 550; 247 NW2d 744 (1933). Accordingly, William was the person who could have redeemed the property before foreclosure or signaled his intent to claim surplus proceeds after the tax-foreclosure sale. The Estate provides no authority to support its contention that MCL 600.5852(1) applies to excuse the failure to timely file Form 5743 under the circumstances of this case. Thus, the trial court did not err when it denied the Estate's motion for surplus proceeds from the tax-foreclosure sale of the property at issue.

Affirmed. There being an important question of public policy, the Treasurer may not tax its costs. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates